D. JAYNES & SON, plaintiffs in error, vs. R. W. SHEFFIELD, defendant in error.

Where medicines are delivered to the defendant prior to 1860, to be sold on commission, and a demand was made by the plaintiffs for a settlement in 1871, when the defendant still had some portion of the drugs on hand, and suit was commenced on August 7th, 1872, said action was not barred by the statute of limitations, it being within four years from the time of the demand.

Statute of limitations. Demand. Before Judge CLARK. Early Superior Court. April Term, 1873.

For the facts of this case, see the decision.

R. H. POWELL, by brief, for plaintiffs in error.

R. W. DAVIS, by brief, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant on an open account for the sum of $102 87 for medicines received by the defendants to sell on commission for the plaintiffs. On the trial of the case, as it appears from the evidence in the record, the defendant received from the plaintiffs the medicines embraced in the account prior to 1860, to sell on commission; that he sold most of them during the war, and had a small portion of them on hand at the time of the trial. In September, 1860, defendant wrote a letter to the plaintiffs, in which he stated he had not sold but a small portion of their medicine, and that it was unnecessary to make any settlement at that time, but that he would make a settlement as soon as he thought he had sold medicine enough to amount to anything. Plaintiffs made a demand on defendant for a settlement of the account some time in 1871. This suit on the account was commenced 7th August, 1872. The Court charged the jury, that if the medicines embraced in the plaintiff's account were placed in the hands of the defendant by them prior to the war to be sold on commission, that suit

must have been brought thereon before the 1st of January, 1870, or it would be barred by the statute of limitations, and they must find for the defendant. To this charge of the Court the plaintiffs excepted. In view of the facts of this case the charge of the Court was error. The medicines were delivered by the plaintiffs to the defendant in trust to sell the same for them, upon a contract that the trust should be faithfully executed and performed on his part; that trust was still subsisting when the demand was made by the plaintiffs on the defendant for a settlement in 1871, which he promised to make in his letter of September, 1860, as soon as he had sold enough of the medicines intrusted to him for that purpose to amount to anything. Besides, the trust was not fully executed and performed at the time of the trial, for the defendant then testified that he had a portion of the medicines on hand. The action was not barred by the statute of limitations when the action was commenced in August, 1872, it being within four years from the time a demand for a settlement was made by the plaintiffs on the defendant for the medicines entrusted to him for sale, and he had done no act up to that time repuditing the trust, or the right of the plaintiffs to have an account from him and settlement for the medicines entrusted to him.

Let the judgment of the Court below be reversed.